# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MIAMI VALLEY FAIR HOUSING : 
CENTER, INC., et al, 

: 

    Plaintiffs,                                     Case No. 3:08cv00150

: 

 vs.                                           District Judge Thomas M. Rose
:                                      Magistrate Judge Sharon L. Ovington

STEINER + ASSOCIATES, INC., 
et al.,                                 :

    Defendants.                 :

# FIRST REPORT AND RECOMMENDATIONS[1]

## I.     Introduction

Plaintiff Miami Valley Fair Housing Center, Inc. and two other entity Plaintiffs, bring this case under the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq*. (FHA), claiming that apartments at three town centers fail to meet the accessibility requirements of the FHA. The town centers are Gilbert Court at The Greene in Beavercreek (The Greene), Ohio; Lofts at Zona Rosa in Kansas City, Missouri (Zona Rosa); and Bayshore in Glendale, Wisconsin.

For present purposes only five (out of a total of nine) Defendants need to be identified:

    •      Steiner + Associates, Inc., "a national developer of 'new town

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

centers'" (doc. #1 at 1);[2]

- Meacham & Apel Architects, Inc., "an Ohio corporation ... providing architectural services for apartment buildings...," *id*. at 7;

- Greene Town Center, LLC, owner of The Greene, *id*. at 9;

- Zona Rosa Development, LLC, a developer of Zona Rosa*, id*.; and

- Bayshore Town Center, LLC, the owner of Bayshore, *id*.

These Defendants also became Third-Party Plaintiffs when they filed Complaints naming as Third-Party Defendants certain businesses that participated in the construction and/or other activities related The Greene, Zona Rosa, or Bayshore. (Doc. #s 57-60).

The Third-Party Complaints spawned a hurricane of activity consisting of Third-Party Defendants' Motions to Dismiss and the parties' related filings. This First Report and Recommendations considers one set of Third-Party Defendants' Motions to Dismiss, the related filings, and the record as a whole.

## II.     **Third-Party Plaintiffs' Complaints**

Defendants/Third-Party Plaintiffs Steiner + Associates, Inc.; Bayshore Town Center, LLC; Greene Town Center, LLC; and Zona Rosa Development, LLC are developers and owners of The Greene, Zona Rosa, and Bayshore.[3] (Doc. #57 at 330). Their Third-Party Complaint asserts five Counts: Breach of Contract, Negligence, Express Indemnity, Implied Indemnity, and Contribution. (Doc. #57).

They seek to hold Third-Party Defendants partially liable – they emphasize not entirely liable – in the event the original Plaintiffs prove, or Third-Party Plaintiffs Steiner

---

[2] Throughout this First Report, citations to page numbers of documents in the record refer to the page numbers assigned by the Court's case management electronic case filing system.

[3] These Third-Party Plaintiffs filed a single Third-Party Complaint. (Doc. #57). Given this, and for simplicity sake, these Third-Party Plaintiffs will be hereafter referred to collectively as "Third-Party Plaintiffs Steiner + Associates."

2

+ Associates otherwise become liable in this case for FHA violations. Plaintiffs Steiner + Associates' Third-Party Complaint claims that Third-Party Defendants breached the terms of various contracts requiring them "to comply with all legal requirements," and to be "legally responsible for performing the Services in accordance with the 'design and construct requirements' of the FHA." *Id.*

As relief, Third-Party Plaintiffs Steiner + Associates seek, in part, "Contribution and indemnification from Third Party Defendants for any damages awarded to Plaintiffs under their Complaint." (Doc. #57 at 333).

Two other business entities have filed Third-Party Complaints: Meacham & Apel Architects, Inc. and Messer Construction Co. (who has also filed an Amended Third-Party Complaint (Doc. #60)). Their Third-Party Complaints raise claims against some of the same, and some different, Third-Party Defendants as those sued by Third-Party Plaintiffs Steiner + Associates.

Meacham & Apel Architects, Inc. notes in its Third-Party Complaint that it "was involved in the design of [T]he Greene and of Bayshore." (Doc. #58 at 363). Meacham & Apel otherwise raises the same allegations and Counts asserted in Steiner & Associates' Third-Party Complaint.

Messer Construction Co. acknowledges in its Third-Party Complaint that it "was the design-build firm for the Greene." (Doc. #60 at 377). Messer Construction otherwise raises the same allegations and Counts asserted in Steiner & Associates' Third-Party Complaint.

### III. <u>Motions to Dismiss and Motions for Judgment on the Pleadings</u>

Many Third-Party Defendants have filed Motions to Dismiss under Fed. R. Civ. P. 12(b)(6); some have filed similar Motions for Judgment on the Pleadings under Fed. R. Civ. P. 12(c). These Third-Party Motions properly invoke Rule 12, *see* Fed. R. Civ. P. 14(a)(2), thus triggering Rule 12's standards of review.

When reviewing a Complaint under Rule 12(b)(6), the Court accepts as true the

Complaint's factual allegations and construes all reasonable inferences in the plaintiffs' favor. *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009). To survive a Rule 12(b)(6) Motion, the Complaint "must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 1965, 167 L.Ed.2d 929 (2007)).

To state a plausible, non-speculative claim, the Complaint need only set forth a short and plain statement of the claim showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a). This does not require detailed factual allegations, yet it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, __U.S. __, 129 S.Ct.1937, 1949 (2009)(*Twombly* citations omitted); *see Eidson v. State of Tn. Dept. of Children's Svs.*, 510 F.3d 631, 634 (6th Cir. 2007) ("[A] complaint must contain either direct or inferential allegations respecting all material elements to sustain recovery under some viable legal theory.... Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.").

The standard of review for a Motion for Judgment on the Pleadings under Rule 12(c) is the same as those just described and applicable under Rule 12(b)(6). *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing in part *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)).

### IV. <u>Analysis</u>

#### A. <u>Indemnification Or Contribution Under The FHA</u>

The first Third-Party Defendant to file a Motion to Dismiss was R.D. Jones &

4

Associates, Inc., a designer/consultant allegedly involved in the construction of apartments at The Greene. (Doc. #162 at 885). R.D. Jones contends that the Third-Party Plaintiffs' claims asserting derivative liability for violations of the FHA fail as a matter of law and are preempted by the FHA. R.D. Jones reasons that in the context of the FHA, no claim for indemnity or contribution exists as a matter of law, and consequently, no derivative liability can be asserted for another's FHA violations.

Third-Party Plaintiffs Steiner + Associates contend that the cases relied on by R.D. Jones are not binding on this Court because they were decided by courts outside Ohio and outside the geographic boundaries of the United States Court of Appeals for the Sixth Circuit. The Third-Party Plaintiffs further argue that *Snyder v. Bazarani*, 329 Fed.Appx. 351 (3rd Cir. 2009) supports its claims of indemnification or contribution.

The Third-Party Plaintiffs and Third-Party Defendants appear to agree that the United States Court of Appeals for the Sixth Circuit – like nearly all the Circuit Courts of Appeals – has yet to address whether or not the FHA contains an express or implied right to indemnity or contribution from third parties. The current lone exception is the United States Court of Appeals for the Fourth Circuit, which recently concluded that the FHA does not provide a claim for indemnity. The Fourth Circuit explained:

> The primary purpose of the FHA is 'to provide ... for fair housing throughout the United States.' 42 U.S.C. §3601. Furthermore, compliance with the ... FHA ... is 'nondelegable' in that an owner cannot 'insulate himself from liability for ... discrimination in regard to living premises owned by him and managed for his benefit merely by relinquishing the responsibility for preventing such discrimination to another party.' Under these principles, it is clear that ... the regulatory purpose of the FHA ... would be undermined by allowing a claim for indemnity.
>
> ... Allowing an owner to completely insulate itself from liability for an ... FHA violation through contract diminishes its incentive to ensure compliance with discrimination laws. If a developer of apartment housing, who concededly has a non-delegable duty to comply with the ... FHA, can be indemnified under state law for its ... FHA violations, then the developer will not be accountable for discriminatory practices in building apartment

5

> housing. Such a result is antithetical to the purposes of the FHA.
> Accordingly..., Archstone's [developers/owners'] indemnification claims
> are preempted.

*Equal Rights Center v. Niles Bolton Associates*, __ F.3d __, __, 2010 WL 1544088 at *4 (4th Cir., April 19, 2010)(quoting, in part, *Walker v. Crigler*, 976 F.2d 900, 904 (4th Cir. 1992)).[4] This reasoning is well-grounded, sound, and consistent with a well-researched decision by a United States District Court in Tennessee. *United States v. Murphy Development, LLC*, 2009 WL 3614829 at *1 (M.D.Tenn., Oct. 27, 2009). The District Court in *Murphy Development* observed, "[t]he federal courts that have considered the question ... are in universal agreement that there is no express or implied right to indemnity under the FHA..." *Id.*, 2009 WL 3614829 at *1 (citing *United States v. Quality Built Constr., Inc.,* 309 F.Supp.2d 767, 778-79 (E.D.N.C. 2003); *United States v. Shanrie Co.,* 610 F.Supp.2d 958, 960-61 (S.D.Ill. 2009); *Mathis v. United Homes, LLC*, 607 F.Supp.2d 411, 421-23 (E.D.N.Y. 2009); *Equal Rights Ctr. v. Archstone Smith Trust,* 603 F.Supp.2d 814, 821-22 (D.Md. 2009);[5] *Sentell v. RPM Mgt. Co.,* 2009 WL 2601367 at *4 (E.D. Ark. Aug. 24, 2009); *United States v. Gambone Bros. Dev. Co.,* 2008 WL 4410093 at **7-9 (E.D. Pa. Sept. 25, 2008); *Access 4 All, Inc. v. Trump Int'l Hotel and Tower Condominium,* 2007 WL 633951 at * *6-7 (S.D.N.Y. Feb. 26, 2007)). Further considering the FHA, the District Court in *Murphy Development* wrote, "there is nothing in the legislative history of the FHA which states or implies such a right to contribution or indemnity. The comprehensive character of the FHA precludes a finding that a federal common law right to indemnity and/or contribution exists under the FHA." *Murphy Development* 2009 WL 3614829 at *1 (relying on *Quality Built Constr.*, 309 F.Supp.2d at 779 and *Mathis*, 607 F.Supp.2d at 413).

---

[4] The Court recently granted Third-Party Plaintiffs Motion for Leave to Supplement the record with *Niles Bolton*. (Doc. #337).

[5] Archstone was recently affirmed by *Niles Bolton*, __ F.3d __, __, 2010 WL 1544088.

Although Third-Party Plaintiffs Steiner + Associates are correct to state that the above cases have no mandatory binding precedential effect on this District Court in the Southern District of Ohio, these cases have persuasive effect given the validity of the analysis set forth in those cases and the non-existence of directly contrary cases. *See Niles Bolton*, __ F.3d at __, 2010 WL 1544088 at *4; *see also Murphy Development*, 2009 WL 3614829 at *1 (and cases cited therein); *Mathis*, 607 F.Supp.2d at 421-23 (Fair Housing Act does not provide for an express or implied right to contribution or indemnification, and there is no federal common law for such claims).

What appears to be the sole contrary case – *Snyder v. Bazargani*, 329 Fed.Appx. 351 (3rd Cir. 2009) – is distinguished and not especially persuasive. *See Murphy Development*, 2009 WL 3614829 at *1 (disagreeing with *Snyder*). The Court of Appeals in *Snyder* concluded, "We have held that there is a right to contribution from joint tort-feasors under the Fair Housing Act." 329 Fed.Appx. at 354 (citation omitted). However, this conclusion is not supported by any analysis. *Snyder* instead relies on a single case: *Miller v. Apartments & Homes of New Jersey, Inc.*, 646 F.2d 101, 110 (3rd Cir. 1981)). A review of *Miller*, however, reveals that its focal point was very narrow: "This case deals only with the effect of a settlement by one defendant in a tort case upon the liability of non-settling defendants. It does not deal with the problems of contribution among joint tort-feasors." *Miller*, 646 F.2d at 105 n.5. The narrow scope of *Miller* provides weak support for *Snyder's* broader, unexplained conclusion, *see id.*, and neither *Snyder* nor *Miller* strengthens Third-Party Plaintiffs Steiner + Associates' indemnification or contribution claim, particularly in light of the contrary authority cited above.

Indeed, the more recent FHA cases relied on above are better reasoned than *Miller* and *Snyder* and are targeted at the specific issue presented here – whether the FHA authorizes claims for indemnification or contribution. *See Niles Bolton,* __ F.3d at __, 2010 WL 1544088 at *4; *see also Murphy Development*, 2009 WL 3614829 at *1 (and cases cited therein); *Mathis*, 607 F.Supp.2d at 421-23. As a result, the rejection in these

cases of indemnification or contribution as a basis for shifting FHA liability is buttressed by a more solid foundation of analysis. These cases therefore constitute more persuasive authority than *Miller* and *Snyder*.

Next, Third-Party Plaintiffs Steiner + Associates emphasize that the FHA's overriding policy concern "is that all participants involved in design and construction are bound to follow the FHA and all those who violate the FHA should be held accountable. All participants involved in design and construction are bound to follow the [FHA] because to hold otherwise would defeat the purpose of the [FHA] and allow wrongful participants in the process to remain unaccountable.'" (Doc. #287 at 3028)(quoting in part *Quality Built Constr.*, 309 F.Supp.2d at 779). Third-Party Plaintiffs explain, "[They] do not claim that Movants are responsible for their *entire* liability to Plaintiffs in the underlying case, nor do they seek to avoid fulfilling their non-delegable duties to Plaintiffs.... However, to suggest that Movants can escape all liability simply because Plaintiffs elected not to name them in the underlying suit, not only defeats the purposes of the FHA, but it upturns well-established contract, negligence, indemnity and contribution law. If this Court were to hold as urged by the Movants then they would be granted immunity for violations for which they created, leaving the named defendants to be punished.... This cannot possibly be the law." (Doc. #287 at 3028)(emphasis in original). These contentions lack merit.

Assuming Third-Party Plaintiffs Steiner + Associates seek to hold R.D. Jones less than 100% liable by way indemnification or contribution for FHA violations is a somewhat dubious assumption in light of the somewhat inconsistent language in the Third-Party Complaint, *see* Doc. #57 at 332-33 (not seeking partial indemnification or contribution but instead seeking "[c]ontribution and indemnification from Third Party Defendants for any damages awarded to Plaintiffs under their Complaint.'"). However, assuming as Third-Party Plaintiffs assert that they seek to impose less than their entire FHA liability, if any is proven, on R.D. Jones does not strengthen Third-Party Plaintiffs'

8

contentions because neither the FHA itself nor its legislative history indicates the existence of a basis under the FHA for recovering any amount of damages – including an amount less than 100% – under a theory of indemnification or contribution. *See, e.g., Quality Built Constr.*, 309 F.Supp.2d at 778-79 ("There is nothing in the legislative history of the [FHA] which states or implies a right to contribution or indemnity for one party liable under the Act from another party potentially liable under the Act."). Like the defendants in *Quality Built Constr.*, Defendants here – particularly Third-Party Plaintiffs Steiner + Associates – "are clearly not among the class which the statute [the FHA] is intended to protect but are parties whose conduct the statute was intended to regulate." 309 F.Supp.2d at 778.

Lastly, Third-Party Plaintiffs Steiner + Associates' immunity contention – that unless FHA provides a basis for indemnity or contribution, R.D. Jones will be immune from any FHA liability – lacks merit. The conclusion that Third-Party Plaintiffs' claims for indemnification or contribution under the FHA fail as a matter of law does not immunize R.D. Jones from all FHA liability. R.D. Jones remains exposed to potential liability for its FHA violations, if any, brought by a party/plaintiff who claims status as a person or entity protected by the FHA.[6]

Accordingly, because the FHA does not contain or authorize Third-Party Plaintiffs Steiner + Associates' express or implied claims for indemnification and/or contribution, Third-Party Plaintiffs may not point the finger of their FHA liability, if any, at Third-Party Defendant R.D. Jones.

**B.     State Law Claims: Breach of Contract and Negligence**

Third-Party Plaintiffs Steiner + Associates contend that their state-law claims for breach of contract and negligence stand on their own and do not derive from their FHA

---

[6] Knowledge about who the FHA is designed to protect can be gained, in part, by consulting 42 U.S.C. §3602(d), (i) (defining, respectively, "person" and "[a]ggrieved person") and 42 U.S.C. §3604(f) (prohibiting various acts of housing discrimination against such persons).

claims. They reason that "[d]erivative liability typically includes only claims for indemnity or contribution." (Doc. #287 at 3030). They further explain, "For example, if Plaintiffs would never have filed the instant action and instead the Third-Party Plaintiffs discovered contractual violations and negligence, then obviously such claims could have been brought against Movants by Third-Party Plaintiffs." *Id*.

The premise of Third-Party Plaintiffs Steiner + Associates' contentions is well taken: there is a distinction between (1) a state-law claim seeking indemnification or contribution stemming from proven FHA violations and (2) a state-law contract claim arising from a breach of a duty imposed by the particular terms of a contract, rather than duties imposed by the FHA; or a state-law negligence claim based on a standard of care not imposed by the FHA. *See Quality Built Constr.*, 309 F.Supp.2d at 778-79. This distinction hinges on whether the breach of contract and negligence claims are in substance reiterations of claims seeking contribution or indemnification for proven FHA violations.

For example, the District Court in *Quality Built Constr*. determined that the FHA did not support the defendant/builder's claim for indemnification from a co-defendant (an architectural design firm) to the extent the need for indemnification arose from the defendant/builder's FHA violations. *Id*. Yet the District Court also determined that the defendant/builder raised "distinct state law claims...," for breach of contract and breach of standard of care, "which may allow for some form of contribution from Hite [the co-defendant architectural firm]." 309 F.Supp.2d at 779. The Fourth Circuit Court of Appeals recently drew this same distinction, characterizing the state-law breach of contract and negligence claims at issue "to be *de facto* indemnification claims and, thus, preempted." *Niles Bolton*, __F.3d at __, 2010 WL 1544088 at *5.

The existence of this distinction helps Third-Party Plaintiffs Steiner + Associates avoid dismissal of their state-law claims for breach of contract and negligence but only to the extent those claims are not *de facto* indemnification or contribution claims arising

10

from Third-Party Plaintiff Steiner + Associates' FHA violation(s), if any violation is proven. *See id.*; *see also Quality Built Constr.*, 309 F.Supp.2d at 779. Steiner + Associates' Third-Party Complaint must therefore be examined to determine whether it raises distinct state-law claims for breach of contract or negligence or instead are *de facto* claims for indemnification and/or contribution arising from FHA violations.

Examining Third-Party Plaintiffs Steiner + Associates' Complaint reveals some general factual allegations. The breach of contract claim asserts, "each Third Party Defendant agreed that it would perform its Services in accordance with all applicable federal laws, regulations and codes. Despite full performance under the contracts by Third Party Plaintiffs, each of the Third Party Defendants breached their duties under its contract by failing to provide the Services in a manner that complied with applicable federal laws, regulations and codes." (Doc. #57 at ¶s 35-36)(footnote added). The Complaint elsewhere refers to "Services" as follows: "Third Party Defendants ... designed, managed, supervised constructed, installed or supplied materials (collectively, 'Services) under direct contract with Third Party Plaintiffs..." (Doc. #57 at ¶30).

Measured by current pleading standards, *see Iqbal*, __U.S. at __, 129 S.Ct. at 1949; *see also Tackett,* 561 F.3d at 488, Plaintiffs Steiner + Associates' Third-Party Complaint fails to state a breach of contract claim because the allegations refer to broad categories of Services the Third-Party Defendants performed – designing, managing, supervising, constructing, installing, or supplying materials – without alleging what the Third-Party Defendants did or failed to do in any of these categories and without connecting such acts or omissions with a breach of their contractual duty to comply with all federal laws, regulations and codes. Without some additional allegations, the Third-Party Complaint does not distinguish between a state-law breach of contract or negligence claim and a claim for indemnification or contribution arising from FHA violations. That distinction could only be drawn by speculating about what the Third-Party Defendants allegedly did or did not do to expose them to liability for breach of contract or negligence

unrelated to FHA violations and resulting indemnification or contribution. Because of this need for speculation, the Third-Party Complaint does not allege sufficient facts to set forth a plausible state-law claim for breach of contract that is distinct from a claim seeking indemnification or contribution for proven FHA violations. *See Tackett*, 561 F.3d at 488 (and cases cited therein).

The Third-Party Plaintiffs' negligence claim suffers from a similar flaw: it merely recites the elements of a state-law negligence claims without identifying a single act or omission by a Third-Party Defendant that supported these elements and or distinguishes the negligence claim from claims seeking indemnification or contribution due to FHA violations. *See* Doc. #57 at ¶s 38-41.

Lastly, by emphasizing the independent basis of their state-law claims, Third-Party Plaintiffs Steiner + Associates overlook the connection that must exist between their Third-Party claims and Plaintiffs' original claims against them as Defendants. The United States Court of Appeals for the Sixth Circuit explains:

> Third-party pleading is appropriate only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim; one that merely arises out of the same set of facts does not allow a third-party defendant to be impleaded. A defendant attempting to transfer the liability asserted against him by the original plaintiff to the third-party defendant is therefore the essential criterion of a third-party claim. Correlatively, a defendant's claim against a third-party defendant cannot simply be an independent or related claim, but must be based upon the original plaintiff's claim against the defendant. *See Stiber v. United States,* 60 F.R.D. 668, 670 (E.D.Pa.1973) ('Under Rule 14, the liability of the third-party must be dependent on the outcome of the main claim.'). Rule 14(a) does not allow a third-party complaint to be founded on a defendant's independent cause of action against a third-party defendant, even though arising out of the same occurrence underlying plaintiff's claim, because a third-party complaint must be founded on a third party's actual or potential liability to the defendant for all or part of the plaintiff's claim against the defendant. *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987).

*American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir.

2008). Consequently, to the extent Third-Party Plaintiffs' Steiner + Associates assert state-law claims for breach of contract and negligence that are independent or merely related to the original Plaintiffs' ( Miami Valley Fair Housing, *et al*.,) claims, Rule 14 does not permit their state-law claims against Third-Party Defendants. *See id*.

Accordingly, Counts I and II of Third-Party Plaintiffs' Complaint fail as a matter of law to the extent they assert *de facto* claims for indemnification or contribution arising from Third-Party Plaintiffs' FHA violations, if any. Counts I and II also fail to raise a distinct and plausible state-law claim for breach of contract or negligence. Counts I and II are also subject to dismissal to the extent they raise state-law claims that are independent from, and not dependent upon the outcome of, the original claims raised by Plaintiff Miami Valley Fair Housing, et al.

## C. Other Third-Party Complaints and Third-Party Defendants' Motions

Meacham & Apel Architects, Inc. and Messer Construction Co. have filed Third-Party Complaints that are identical in substance to Third-Party Plaintiffs Steiner + Associates' Third-Party Complaint. *See supra*, §II. In response, many Third-Party Defendants have filed Rule 12 Motions raising the same arguments that Third-Party Defendant R.D. Jones raised in its Motion to Dismiss. As a result, those Third-Party Complaints suffer from the same flaws discussed above.[7] *Supra*, §IV(A)-(B).

Accordingly, all Third-Party Defendants' Motions seeking dismissal consistent with the reasons set forth above are well taken. *Id*.

**IT IS THEREFORE RECOMMENDED THAT:**

The Motions to Dismiss or Motions for Judgment on the Pleadings filed by the following Third-Party Defendants be GRANTED:

- R.D. Jones & Associates, Inc. (Doc. #162, 176);

---

[7] Other Third-Party Defendants have filed Motions to Dismiss based on arguments not addressed herein. *See, e.g.*, Doc. #s 169, 179, 194. All such Motions remain pending at this time.

- Mandel Development, Inc. and Mandel Group, Inc. (Doc. #180);
- Carey Electric Co. (Doc. #181);
- Hunzinger Construction Company (Doc. #183);
- Lakeside Stoneworks, LLC (Doc. #200);
- LaForce, Inc. (Doc. #206);
- Baker Concrete Construction, Inc. (Doc. #213);
- Meleca Architecture, Inc. (Doc. #219);
- Builders FirstSource-Ohio Valley, LLC (Doc. #220);
- Alpine Insulation Company, Inc. (Doc. #221, 225);
- John R. Jurgensen Company (Doc. #222);
- Roman Electric Company, Inc. (Doc. #226);
- Donovan & Jorgenson, Inc. (Doc. #240);
- Woolpert, Inc. (Doc. #242);
- Rob Ben Construction, LLC (Doc. #245);
- Mega Industries Corporation (Doc. #272);
- Dyke Industries, Inc. (Doc. #289).

May 13, 2010

          s/ Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).