# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MIAMI VALLEY FAIR HOUSING : 
CENTER, INC., et al, 

: 

    Plaintiffs,                              Case No.  3:08cv00150

: 

 vs.                                          District Judge Thomas M. Rose
:                                 Magistrate Judge Sharon L. Ovington

STEINER + ASSOCIATES, INC.,
et al., : 

    Defendants. :

# SECOND REPORT AND RECOMMENDATIONS[1]

Plaintiff Miami Valley Fair Housing Center, Inc. and two other entity Plaintiffs, bring this case under the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq*. (FHA), claiming that apartments at three town centers fail to meet the accessibility requirements of the FHA.  The town centers are Gilbert Court at The Greene in Beavercreek (The Greene), Ohio; Lofts at Zona Rosa in Kansas City, Missouri (Zona Rosa); and Bayshore in Glendale, Wisconsin.

The case is presently before the Court upon four Motions:

1. Third-Party Defendants Mandel Development, Inc. and Mandel Group, Inc.'s Motion for Judgment Dismissing Third-Party Complaint of Defendants/Third-Party Plaintiffs' Steiner + Associates, Inc., Bayshore Town Center, LLC, Greene Town Center, LLC, and Zona Rosa Development, LLC.  (Doc. #179).

2. Third-Party Defendant Blake-Stevens Wood Flooring, Inc.'s Motion to

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Dismiss Third Party Plaintiffs' Complaint. (Doc. #194).

3. Motion to Dismiss Third-Party Petition Against Barsto Construction, Inc. Pursuant to F.R.C.P. 12(b)(2) and F.R.C.P. 12(b)(6). (Doc. #209).

4. Motion to Dismiss Third-Party Complaint Against Walton Construction Company, LLC. (Doc. #247).

The case is also before the Court upon Third-Party Plaintiffs' Memorandum In Opposition (Doc. #287), the parties' additional related Memoranda, and the record as a whole.

Upon review of the above Motions, Memoranda, and the entirety of the record, the parties raise the same arguments and issues concerning the FHA and indemnification and/or contribution that the First Report and Recommendations resolved. (Doc. #339). As a result, the First Report and Recommendations is incorporated herein in full and by reference. *Id*. And, accordingly, the above-listed Motions to Dismiss are well taken for the reasons set forth in the First Report and Recommendations. (Doc. #339).

### IT IS THEREFORE RECOMMENDED THAT:

The Motions to Dismiss filed by the following Third-Party Defendants be GRANTED:

- Mandel Development, Inc. and Mandel Group, Inc. (Doc. #179);
- Blake-Stevens Wood Flooring, Inc. (Doc. #194);
- Barsto Construction, Inc. (Doc. #209); and
- Walton Construction Company, LLC. (Doc. #247).

May 17, 2010

                 s/Sharon L. Ovington
                   Sharon L. Ovington
                   United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).