# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MIAMI VALLEY FAIR HOUSING CENTER, INC., et al., | : | |
| | : | |
| Plaintiffs, | | Case No. 3:08cv00150 |
| | : | |
| vs. | | District Judge Thomas M. Rose |
| | : | Magistrate Judge Sharon L. Ovington |
| STEINER AND ASSOCIATES, INC., et al., | : | |
| | | |
| Defendants.[1] | : | |

# REPORT AND RECOMMENDATIONS[2]

In September 2010 the Court issued an Entry and Order (Doc. #401) incorporating Fed. R. Civ. P. 54(b)'s "no just reason for delay" language into certain prior Orders. Defendants/Third-Party Plaintiffs Bayshore Town Center, LLC, Greene Town Center, LLC, Meacham and Apel, Architects, Inc., Messer Construction Co., Steiner and Associates, Inc., Zona Rosa Development, LLC filed a Notice of Appeal in this case (Doc. #402).  The resulting appeal is pending at present in the United States Court of Appeals for the Sixth Circuit.  *See Miami Valley Fair Housing Cent., et al. v. Steiner and*

---

[1] This abbreviated caption omits the names of many parties with full knowledge of their presence in this case.

[2] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

*Associates, Inc., et al.*, App. Docket #10-4191.

On November 23, 2010, the undersigned denied by notation order a Motion to Amend Scheduling Order (Doc. #405) filed by Plaintiff Metropolitan Milwaukee Fair Housing Council, Inc.; Miami Valley Fair Housing Center, Inc.; and National Fair Housing Alliance, Inc.  The decision to deny Plaintiffs' Motion was based on the need to stay the case pending a decision by the United States Court of Appeals for the Sixth Circuit on the pending appeal described above.

This case is presently pending upon Plaintiffs' Objections To Magistrate Judge's Notation Order Denying Plaintiffs' Motion For Entry Of Scheduling Order (Doc. #408), Defendant/Third Party Plaintiffs' Joint Response To Plaintiffs' Objections (Doc. #409), and the record as a whole.

Plaintiffs ask the Court to vacate the notation order and to grant their Motion For Entry Of Scheduling Order and to allow Plaintiffs' claims to move toward resolution in order to prevent unjust delay.  Plaintiffs argues, "Every day that goes by without a remedy for the non-compliant, inaccessible units and common areas that are the subject of the litigation, people with mobility impairments suffer concrete and palpable injuries.  It is unjust to tell them, in effect, to look elsewhere for housing or to refrain from visiting family or friends who live in units designed and built by Defendants, while those very Defendants quibble over who[ ] bears responsibility for funding the retrofits necessary to bring the properties into compliance with the Fair Housing Act....  For equitable considerations alone, the Court should vacate the Notation Order...." (Doc. #408 at 4649-

4650).

Plaintiff further contends, "it is manifestly unjust to allow Defendants to put the resolution of Plaintiffs' claims on hold how, after *Defendants themselves* argued in the Rule 54(b) motion that the appeal was separate and distinct from Plaintiffs' claims – an argument with which the Court agreed.... In fact, Plaintiffs' claims must be decided by the Court *regardless* of what the Sixth Circuit rules on appeal. As a result, there is nothing gained by the Court in staying the action at this time." (Doc. #408 at 4650)(emphasis in original).

Plaintiffs' objections overlook that the presently pending appeal will resolve with finality what parties – whether Defendants or Third-Party Defendants – must defend against potential liability during discovery, settlement negotiations, and trial of this matter. If this case were allowed proceed, as Plaintiffs propose, before that determination is finally made, the case would likely expand into duplicative or unnecessary discovery, the parties would not be in a position to engage in productive alternative dispute resolution, and the case could potentially require more than one trial (depending on the outcome of the presently pending appeal). On the other hand, once the matters presently pending on appeal are resolved, the case-management picture will be much clearer. The parties and this Court will know with certainty who should and who should not participate in discovery, which parties may need to participate in alternative dispute resolution, and which parties will need to participate in trial.

In addition, Plaintiffs' equitable arguments are based on their claim that multiple

3

violations of the Fair Housing Act have occurred and are ongoing and that Defendants are liable for such violations. The ultimate resolution of Plaintiffs' claims will not be significantly advanced by allowing discovery to immediately proceed without clarification of who is and who is not potentially liable for any FHA violations. Again, proceeding immediately without such clarification will likely expand the case into duplicative and unnecessary discovery, would not likely promote alternative dispute resolution, and might create the need for more than one trial.

For all the above reasons, issuance of a stay of the present case is warranted under the Court's inherent authority to control its docket to promote the efficient administration of justice.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiffs' Objections To Magistrate Judge's Notation Order Denying Plaintiffs' Motion For Entry Of Scheduling Order (Doc. #408) be OVERRULED; and

2. The case remain stayed pending decision by the United States Court of Appeals for the Sixth Circuit in *Miami Valley Fair Housing Cent., et al. v. Steiner and Associates, Inc., et al.*, App. Docket #10-4191.

January 3, 2011

                                                           s/Sharon L. Ovington
                                                                Sharon L. Ovington
                                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).