# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MIAMI VALLEY FAIR HOUSING
CENTER, INC., et al.,

:

      Plaintiffs,                             Case No. 3:08-cv-150

:           District Judge Thomas M. Rose
    -vs-                             Magistrate Judge Michael J. Newman

STEINER & ASSOCIATES, INC., et al.,   :

      Defendants.

## REPORT AND RECOMMENDATION (REGARDING DOCUMENT 429)[1]

On October 31, 2011, Plaintiffs Miami Valley Fair Housing Center, Inc. ("MVFHC"), Metropolitan Milwaukee Fair Housing Council, Inc. ("MMFHC"), and National Fair Housing Alliance, Inc. ("NFHA"), and Defendant Meacham & Apel Architects, Inc. ("M+A") filed a Stipulation of Dismissal. (Doc. 425.) Because the Stipulation was not "signed by all parties who have appeared" in the case, as required by Fed. R. Civ. P. 41(a)(1)(A)(ii), the Court advised the parties to submit a revised dismissal entry within ten days from its Order. (Doc. 426.)

Now before the Court is a Joint Motion of Plaintiffs MVFHC, MMFHC, NFHA and Defendant M+A to "Lift Stay and to Dismiss Plaintiffs' Claims Against Defendant M+A Pursuant to Rule 41(a)(2)." (Doc. 429.) For unspecified reasons, the moving parties state they "are not confident that they will be able to obtain the signatures of all parties in compliance with the Court's Order." (Doc. 429 at PAGEID 4758.) Accordingly, the parties move the Court to dismiss Plaintiffs'

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

-1-

claims pursuant to Rule 41(a)(1)(A), which allows the Court to dismiss an action "on terms that [it] considers proper." Fed. R. Civ. P. 41(a)(2).

The Court recognizes that this case is stayed pending a decision by the Sixth Circuit Court of Appeals -- an appeal of several of this Court's decisions that dismissed essentially all of the third-party defendants -- in Sixth Circuit Case No. 10-4191. (*See* docs. 401, 402, 414.)

In addition, the Court recognizes that also pending before the Court is Defendant Messer Construction Co.'s cross-claim against Defendant M+A. (*See* doc. 427.)

The Court questions the propriety of lifting the stay at this time, even for a limited purpose. The Court also notes that, since Defendant Messer has filed a cross-claim against M+A, its Co-Defendant here, M+A cannot, as a matter of law, be dismissed as a party from the litigation until the cross-claim is resolved.

Accordingly, the Court **RECOMMENDS** that the stay **NOT** be lifted at this time, and that the Joint Motion to Dismiss (doc. 429) **BE DENIED WITHOUT PREJUDICE AND SUBJECT TO RENEWAL** once the stay is lifted or otherwise hereafter in the litigation.

December 1, 2011                                     s/ **Michael J. Newman**
                                                    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections

to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).