## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

MIAMI VALLEY FAIR HOUSING        :
CENTER, INC., *et al.*,

                        :        Case No. 3:08-cv-150

         Plaintiffs,

                        :        District Judge Thomas M. Rose

    -vs-                      :        Magistrate Judge Michael J. Newman

STEINER & ASSOCIATES, INC., *et al.*,     :

         Defendants.              :

---

## REPORT AND RECOMMENDATION[1]
### ***
## ORDER TO CLERK

---

In light of the complicated procedural history of this case, the Magistrate Judge has carefully reviewed the docket, and issues this Report and Recommendation to clarify which parties remain in this litigation.

In May through September 2010, Magistrate Judge Ovington issued five Reports and Recommendations ("R&R's"), recommending that all Third-Party and Fourth-Party Defendants be dismissed. *See* docs. 339, 340, 350, 373, 397. The Court adopted all five R&R's in their entirety. *See* docs. 371, 376, 398. On September 21 2010, the Court certified that its Orders adopting Magistrate Judge Ovington's First, Second, Third, Fourth and Fifth R&R's were final and appealable Orders. *See* doc. 401. Defendants/Third-Party Plaintiffs Steiner + Associates, Inc.; Greene Town Center, LLC; Zona Rosa Development, LLC; Bayshore Town Center, LLC; Meacham & Apel Architects, Inc.; and Messer Construction Co. then timely appealed those

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Orders (docs. 371, 376, 398, 401) to the Sixth Circuit.  Doc. 402.  Defendant Meacham & Apel Architects, Inc. subsequently voluntarily withdrew from the appeal.  *See* doc. 428.

On May 21, 2012, the Sixth Circuit vacated this Court's Orders adopting Magistrate Judge Ovington's five R&R's.  *See Miami Valley Fair Hous. Ctr., Inc. v. Steiner & Assocs., Inc.*, No. 10-4191, 2012 U.S. App. LEXIS 10316 (6th Cir. May 18, 2012) (doc. 437); *see also* docs. 402, 437.  Thus, the Court's Orders dismissing the Third-Party and Fourth-Party Defendants are no longer valid, and the following parties – who were previously dismissed in those Orders – are back in the case: Alpine Insulation Co., Inc.; Alpine Plumbing, Inc.; Barsto Construction, Inc.; Blake-Stevens Wood Flooring, Inc.; Donovan & Jorgensen, Inc.; Gould Evans Associates, LLC; Hunzinger Construction Company; La Force, Inc.; Lakeside Stoneworks, LLC; Lutjen, Inc.; Mandel Development, Inc.; Mandel Group, Inc.; Mega Industries Corporation; Meleca Architecture, Inc.; Miller's Carpet Company, Inc.; R.D. Jones & Associates, Inc.; Robben Construction, LLC; Roman Electric Co., Inc.; TransSystems Corporation; Walton Construction Company, LLC; Baker Concrete Construction, Inc.; John R. Jurgensen Co.; Woolpert, Inc.; Builders First Source, Inc.; Dyke Industries, Inc.; Sullivan Builders, Inc.; Carey Electric Co.; and M & L Electric, Inc.[2]  Accordingly, the Magistrate Judge **RECOMMENDS** that the Clerk be **ORDERED** to remove the "terminated" status on these parties, and reinstate them on the docket of this matter.

---

[2] As discussed *infra*, the Magistrate Judge recommends that Defendant/Third-Party Plaintiff Meacham & Apel Architects, Inc. be dismissed from the case.  If that recommendation is adopted, it is further recommended that Meacham & Apel's third-party claims also be dismissed without prejudice.  *See Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805-07 (6th Cir. 2008).  However, the Third-Party Defendants whom Meacham & Apel Architects, Inc. asserted its third-party claims against would still remain in the case due to other pending third-party claims filed against those entities.

Next, the Magistrate Judge will clarify which Defendants remain in this case. On March 18, 2010, Plaintiffs and Defendant Development Design Group, Inc. filed a "Stipulation and [Proposed] Order for Dismissal of Plaintiffs' Complaint Against Development Design Group, Inc." Doc. 273. This stipulation is not in compliance with Federal Rule of Civil Procedure 41(a)(1) – which permits a plaintiff to dismiss an action without a Court Order either by filing "(i) a notice of dismissal before the opposing party serves either an answer or motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Development Design Group had filed an answer before this stipulation was filed, *see* doc. 24, and the stipulation was not signed by "all parties who ha[d] appeared." *See* doc. 273. Accordingly, pursuant to Rule 41(a)(2), a Court Order is required to dismiss Plaintiffs' claims against Development Design Group, Inc. None was ever issued in this case, however. The parties should have captioned their filing as a "motion," rather than a stipulation. Further, the parties failed to comply with Southern District of Ohio Local Rule 7.3(b) – requiring them to affirmatively state whether or not their "motion" was opposed. (No party filed objections to the dismissal of Defendant Development Design Group, Inc.) Nevertheless, given the long period of time that has passed since their stipulation was filed, and because no objections were filed, and further recognizing that a Court must grant a joint motion to dismiss with prejudice, *see Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964), the Magistrate Judge **RECOMMENDS** that Plaintiffs' claims against Defendant Development Design Group, Inc. be **DISMISSED WITH PREJUDICE**, and the Clerk be **ORDERED** to terminate Development Design Group, Inc. as a party on the docket of this matter.

The same reasoning applies to a second stipulation of dismissal.   On September 17, 2010, Plaintiffs and Defendant Corna Kokosing Construction Company filed a "Stipulation and Order for Dismissal With Prejudice of Miami Valley Fair Housing Center, Inc., Metropolitan Milwaukee Fair Housing Council, Inc., and National Fair Housing Alliance, Inc.'s Complaint Against Defendant Corna Kokosing Construction Company Only."   Doc. 400.   This stipulation likewise does not comply with Rule 41(a)(1) because an answer had already been served at the time of its filing, *see* doc. 18, and the stipulation was not signed by all parties who had appeared in the case. *See* doc. 400.   Accordingly, a Court Order was required pursuant to Rule 41(a)(2), but none was ever issued.   Again, the movants failed to properly caption their filing as a "motion," and also failed to comply with Local Rule 7.3(b).   (No party filed objections to the dismissal of Defendant Corna Kokosing Construction Company.)   For the same reasons cited above, the Magistrate Judge **RECOMMENDS** that Plaintiffs' claims against Defendant Corna Kokosing Construction Company be **DISMISSED WITH PREJUDICE**, and the Clerk be **ORDERED** to terminate Corna Kokosing Construction Company as a party on the docket of this matter.

More recently, Plaintiffs and Defendant Meacham & Apel Architects, Inc. ("Meacham & Apel") have jointly moved to dismiss with prejudice Plaintiffs' claims against Meacham & Apel. Doc. 440.   On June 4, 2012, the Court denied their joint motion without prejudice for failure to comply with Southern District of Ohio Local Rule 7.3(b).   The movants were advised to re-file their motion in compliance that Local Rule, but have not done so.

On August 23, 2012, the Court afforded all parties time to file a memorandum in opposition to the joint motion to dismiss Meacham & Apel.   *See* doc. 477.   Third-Party Defendant Woolpert, Inc. ("Woolpert") filed an opposition memorandum, objecting to the

dismissal of Meacham & Apel with prejudice, and requesting that the Court dismiss Meacham & Apel without prejudice instead.  *See* doc. 478.  Woolpert contends that Meacham & Apel "may owe" it "indemnity and contribution obligations."[3]  Doc. 478 at PageID 5222.  At this time, however, Woolpert has not filed such a claim against Meacham & Apel on the grounds that it "cannot assess, at this point in the litigation, whether it has a potential claim against [Meacham & Apel]."  *Id.* at PageID 5225.  Third-Party Defendant Hunzinger Construction Co. ("Hunzinger") subsequently filed a "Notice of Joinder in Woolpert's Objections to the Dismissal of M+A With Prejudice," arguing that "[f]or the reasons stated in [Woolpert's Objections] . . . a dismissal with prejudice of M+A is premature."[4]  Doc. 481-1.  The Court finds Woolpert's (and Hunzinger's) argument unavailing because no claims have actually been filed against Meacham & Apel.  Sixth Circuit case law establishes that the Court must grant a plaintiff's motion pursuant to Rule 41(a)(2) to voluntarily dismiss its claims against a defendant with prejudice.  *See Smoot*, 340 F.2d at 303.[5]  Nevertheless, in the interest of justice, the Magistrate Judge **RECOMMENDS** that, if the Court adopts this Report and Recommendation, these Third-Party Defendants (Woolpert and Hunzinger) be afforded ten days from the date of the Adoption Order to file claims, if justified, against

---

[3] According to Woolpert, both it and Meacham & Apel provided design services to Messer Construction under separate contracts.  *See* doc. 478 at PageID 5222.  Woolpert is concerned that it will wrongfully be held liable for services covered under Meacham & Apel's contract if Meacham & Apel is dismissed from the case.  *See id.* at PageID 5222-25.

[4] Third-Party Defendant Alpine Plumbing, Inc. also filed a memorandum requesting that the Court dismiss Meacham & Apel's third-party claims against it upon dismissing Meacham & Apel as a Defendant.  *See* doc. 480.  The Magistrate Judge **RECOMMENDS** that the Court do so.

[5] District courts in the Sixth Circuit have found that, under *Smoot*, a court does not have discretion and must grant a motion to voluntarily dismiss a plaintiff's claim *with* prejudice.  *See e.g., Degussa Admixtures, Inc. v. Burnett*, 471 F. Supp.2d 848, 851 (W.D. Mich. 2007); *York v. Ferris State Univ.*, 36 F. Supp.2d 976, 979 (W.D. Mich. 1998); *Lum v. Mercedes Benz, USA*, 246 F.R.D. 544, 545 (N.D. Ohio 2007); *United States v. Rogers*, No. 1:97-cv-461, 2003 WL 21212749, at *1 (E.D. Tenn. Apr. 3, 2003); *D&M Millwork, Inc. v. Elite Trimworks Corp.*, No. 2:08-0101, 2010 WL 547154, at *2-3 (M.D. Tenn. Feb. 10, 2010).

Defendant Meacham & Apel.[6]  The Magistrate Judge further **RECOMMENDS** that if no such

claim is filed within that time frame, Plaintiffs' and Meacham & Apel's joint motion to dismiss

(doc. 440) be **GRANTED**; Plaintiffs' claims against Meacham & Apel be **DISMISSED WITH**

**PREJUDICE**; and the Clerk be **ORDERED** to terminate Meacham & Apel as a party on the

docket of this matter.  Additionally, if the Court adopts this Report and Recommendation and

dismisses Meacham & Apel as a party, it is **RECOMMENDED** that all of Meacham & Apel's

third-party claims (against Alpine Insulation Co., Inc.; Alpine Plumbing, Inc.; Donovan &

Jorgenson, Inc.; La Force, Inc., Lakeside Stoneworks, LLC; Mandel Development, Inc.; Mandel

Group, Inc.; Miller's Carpet Co., Inc.; R.D. Jones & Associates, Inc.; Robben Construction, LLC;

and Roman Electric, Inc.) be **DISMISSED WITHOUT PREJUDICE**.  *Accord Am. Zurich Ins.*

*Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805-07 (6th Cir. 2008) (holding that the district

court properly dismissed a defendant's third-party claims without prejudice once that defendant

was no longer in the case); *see also supra* note 2.

Finally, the Magistrate Judge clarifies that several cross-claims among Defendants have

been filed and subsequently dismissed in this case.  Defendant Messer Construction filed a

cross-claim against Defendant Meacham & Apel on two occasions.  However, both sets of

cross-claims were properly dismissed through a notice of dismissal pursuant to Civil Rule

41(a)(1)(A)(i) and (c).  *See* docs. 41, 435.  Additionally, a cross-claim was asserted by

Defendants Steiner + Associates, Inc.; Greene Town Center, LLC; Zona Rosa Development, LLC;

and Bayshore Town Center, LLC against Defendant Corna Kokosing Construction Company.

*See* doc. 22.  On August 27, 2010, these parties filed a "Stipulation and Order for Non-Prejudicial

---

[6] To be clear, the Magistrate Judge recommends that the suggested ten-day period begins to run from the
date the Court adopts this Report and Recommendation, if that recommendation is adopted. It does *not*
begin to run from the date this Report and Recommendation is filed.

Dismissal of Cross-Complainants Steiner & Associates, Inc.; Bayshore Town Center, LLC; Greene Town Center, LLC; and Zona Rosa Development LLC's Cross Complaint Against Cross-Defendant Corna Kokosing Construction Company." Doc. 396. At the time of the stipulation's filing, Corna Kokosing had not served a responsive pleading to the cross-claim. Therefore, the cross-claim of Defendants Steiner + Associates, Inc.; Greene Town Center, LLC; Zona Rosa Development, LLC; and Bayshore Town Center, LLC against Defendant Corna Kokosing Construction Company was properly dismissed pursuant to Civil Rule 41(a)(1)(A)(i) and (c).

In sum, it is the Magistrate Judge's **RECOMMENDATION** that the following parties remain in this case:

1.      Plaintiffs Miami Valley Fair Housing Center, Inc.; Metropolitan Milwaukee Fair Housing Council, Inc.; and National Fair Housing Alliance, Inc.;

2.      Defendants Steiner + Associates, Inc.; Torti Gallas & Partners, Inc.; Messer Construction Co.; Greene Town Center, LLC; Zona Rosa Development, LLC; and Bayshore Town Center, LLC;[7]

3.      Third-Party Plaintiffs Steiner + Associates, Inc.; Greene Town Center, LLC; Zona Rosa Development, LLC; and Bayshore Town Center, LLC; and Messer Construction Co.;[8]

4.      Third-Party Defendants Alpine Insulation Co., Inc.; Alpine Plumbing, Inc.; Barsto Construction, Inc.; Blake-Stevens Wood Flooring, Inc.; Donovan & Jorgensen, Inc.; Gould Evans Associates, LLC; Hunzinger Construction Company; La Force, Inc.; Lakeside Stoneworks, LLC;

---

[7] If the Court adopts this Report and Recommendation, and Third-Party Defendants Woolpert and/or Hunzinger timely file a claim against Defendant Meacham & Apel pursuant to that Order, Meacham & Apel may also remain as a Defendant in this case.

[8] Meacham & Apel may also remain a Third-Party Plaintiff in this case if said claim is filed by Woolpert and/or Hunzinger. *See supra* note 8.

Lutjen, Inc.; Mandel Development, Inc.; Mandel Group, Inc.; Mega Industries Corp.; Meleca Architecture, Inc.; Miller's Carpet Co. Inc.; R.D. Jones & Associates, Inc.; Robben Construction, LLC; Roman Electric Co., Inc.; TransSystems Corp.; Walton Construction Co., LLC; Baker Concrete Construction, Inc.; John R. Jurgensen Co.; Woolpert, Inc.; Builders First Source, Inc.; Dyke Industries, Inc.; Sullivan Builders, Inc.; and Carey Electric Co.

5.    Fourth-Party Plaintiff Carey Electric Co.; and

6.    Fourth-Party Defendant M&L Electric, Inc.

## IT IS THEREFORE RECOMMENDED THAT:

1.    The Clerk be **ORDERED** to remove the "terminated" status on the following Third-Party and Fourth-Party Defendants: Alpine Insulation Co., Inc.; Alpine Plumbing, Inc.; Barsto Construction, Inc.; Blake-Stevens Wood Flooring, Inc.; Donovan & Jorgensen, Inc.; Gould Evans Associates, LLC; Hunzinger Construction Company; La Force, Inc.; Lakeside Stoneworks, LLC; Lutjen, Inc.; Mandel Development, Inc.; Mandel Group, Inc.; Mega Industries Corporation; Meleca Architecture, Inc.; Miller's Carpet Company, Inc.; R.D. Jones & Associates, Inc.; Robben Construction, LLC; Roman Electric Co., Inc.; TransSystems Corporation; Walton Construction Company, LLC; Baker Concrete Construction, Inc.; John R. Jurgensen Co.; Woolpert, Inc.; Builders First Source, Inc.; Dyke Industries, Inc.; Sullivan Builders, Inc.; Carey Electric Co.; and M & L Electric, Inc.;

2.    Plaintiffs' claims against Defendant Development Design Group, Inc. be **DISMISSED WITH PREJUDICE**, and the Clerk be **ORDERED** to terminate it as a party as a party on the docket of this matter;

3.    Plaintiffs' claims against Defendant Corna Kokosing Construction Company be **DISMISSED WITH PREJUDICE**, and the Clerk be **ORDERED** to terminate it as a party as a party on the docket of this matter;

4.    Third-Party Defendants Woolpert, Inc. and Hunzinger Construction Co. be **AFFORDED TEN DAYS** to file claims against Meacham & Apel Architects, Inc.  If no such claim is filed within that time frame, then (i) Plaintiffs and Meacham & Apel Architect, Inc.'s joint motion to dismiss (doc. 440) be **GRANTED**; (ii) Plaintiffs' claims against Defendant Meacham & Apel, Architects, Inc. be **DISMISSED WITH PREJUDICE**;

8

(iii) all of Meacham & Apel Architect Inc.'s third-party claims against Alpine Insulation Co., Inc.; Alpine Plumbing, Inc.; Donovan & Jorgenson, Inc.; La Force, Inc., Lakeside Stoneworks, LLC; Mandel Development, Inc.; Mandel Group, Inc.; Miller's Carpet Co., Inc.; R.D. Jones & Associates, Inc.; Robben Construction, LLC; and Roman Electric, Inc. be **DISMISSED WITHOUT PREJUDICE**; and (iv) the Clerk be **ORDERED** to terminate Meacham & Apel as a party a party on the docket of this matter; and

5.    If the Report and Recommendation is adopted, the Clerk be **ORDERED** to mail a copy of the Court's Order.

**IT IS ALSO ORDERED** that the Clerk mail a copy of this Report and Recommendation to counsel for all parties in this case, including those listed as "terminated."

September 13, 2012                                   s/ **Michael J. Newman**
                                                     United States Magistrate Judge

9

## <u>NOTICE REGARDING OBJECTIONS</u>

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).