## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| Miami Valley Fair Housing Center, et al., | : | |
| | : | Case No. 08-cv-150 |
| Plaintiff, | : | |
| | : | Judge Thomas M. Rose |
| v. | : | |
| | : | Magistrate Judge Newman |
| Steiner & Associates, et al, | : | |
| | : | |
| Defendants. | : | |

### STIPULATED JUDGMENT

**I.      Introduction**

The Plaintiffs in this action are Miami Valley Fair Housing Center, Inc. and Metropolitan Milwaukee Fair Housing Council, Inc., both of which are non-profit community organizations, and Plaintiff National Fair Housing Alliance, Inc. ("NFHA"), a national alliance of private, non-profit, fair housing organizations (collectively "Plaintiffs"). NFHA has no member fair housing organization operating in the Kansas City, Missouri area, and among its members, Miami Valley Fair Housing Center Inc. and Metropolitan Milwaukee Fair Housing Council Inc. are the only organizations operating in Greene County, Ohio, and Milwaukee, Wisconsin, respectively.

Defendant Steiner + Associates, Inc. ("Steiner") is a Florida corporation, which developed mixed-use town centers located in Beavercreek, Ohio; Glendale, Wisconsin and Kansas City, Missouri. Defendant Greene Town Center, LLC ("GTC") is a Delaware limited liability company which owns Greene Town Center located in Beavercreek, Ohio. Defendant Bayshore Town Center, LLC ("BTC") is a Delaware limited liability company which owns Bayshore Town Center located in Glendale, Wisconsin. Defendant Zona Rosa Development, LLC ("ZRD") is a Delaware limited liability company which owns Zona Rosa located in Kansas City, Missouri. Defendant Messer Construction Co. ("Messer") is an Ohio corporation which provided design-build construction services at Greene

Town Center.  Defendant Torti Gallas Partners, Inc. ("Torti") is a Delaware corporation which provided certain design services at Greene Town Center and Bayshore Town Center.  Steiner, GTC, BTC, ZRD, Messer and Torti are collectively referred to as "Defendants."

Plaintiffs filed a Complaint against Defendants on April 30, 2008 alleging that Defendants have engaged in a continuous pattern and practice of discrimination against people with disabilities by designing and/or constructing multifamily dwellings and common- and public-use areas associated with those dwellings at the Retrofit Properties in such a manner as to deny people with disabilities full access to, and the use of, these facilities in violation of the Fair Housing Amendments Act ("FHAA"), 42 U.S.C. § 3604(f)(1), (f)(2) and (f)(3)(C).[1]

At all times, Defendants have denied, and continue to deny, the allegations in the Complaint.

Plaintiffs and Defendants desire to voluntarily resolve this Action and any future claims relating to or arising out of the allegations in the Complaint  and, to that end, they have agreed to the following terms upon which this Action may be fully and finally resolved and have stipulated to the Court's entry of this Stipulated Judgment.

Plaintiffs and Defendants agree to cooperate in submitting this Stipulated Judgment to the Court for execution.  None of the terms of this Stipulated Judgment shall have any force and effect unless and until Final Judgment is entered, as that term is defined in Section III H.

The purposes and terms of this Stipulated Judgment are as follows:

**II.** **Purposes of this Stipulated Judgment**

WHEREAS, all parties to this Action are committed to the goals, including by the means set forth in this Stipulated Judgment, that the Retrofit Properties  comply with the requirements of 42

---

[1] The FHAA uses the term "handicap" instead of the term "disability." Both terms have the same legal meaning. *See* Brandon v. Abbott 524 U.S. 624,631 (1998) (noting that definition of "disability" in the Americans with Disabilities Act is drawn almost verbatim "from the definition of' handicap' contained in the Fair Housing Amendments Act of 1988"). This document uses the term "disability," which is more generally accepted.

U.S.C. 3604(f)(3)(C); afford equal opportunity for all people with disabilities; promote equal housing opportunities for people with disabilities; are available to  home seekers with disabilities, and the elimination of housing inequities for all people with disabilities;

WHEREAS, Plaintiffs assert that the interests of all people who have been injured or may be injured and/or damaged due to alleged violations of the FHAA at the Retrofit Properties are aligned with the Plaintiffs;

WHEREAS, Plaintiffs assert that in the Action they have been acting in a representative capacity for all people who have been injured and/or damaged by alleged violations of the FHAA by Defendants at the Retrofit Properties;

WHEREAS, Defendants deny that they violated the FHAA or that they committed any discrimination.  Defendants agree to enter into this Stipulated Judgment for settlement purposes only, and neither the entry of this Stipulated Judgment, its terms, nor any action taken under this Stipulated Judgment shall be construed as an admission by Defendants of any fault or wrongdoing, or as an admission of the validity of any claims or assertions made by the Plaintiffs;

WHEREAS, Plaintiffs and Defendants hereby stipulate to this Stipulated Judgment in order to fully and finally resolve the claims raised, or claims which could have been raised, in this Action;

WHEREAS, Defendants assert that if there are deficiencies in compliance with federal, state, or local laws at the Retrofit Properties, which Defendants deny, there was no intent by Defendants to avoid the requirements of federal, state, or local laws;

WHEREAS, Plaintiffs and Defendants engaged in arms-length negotiations over accessibility issues regarding the Retrofit Properties.

WHEREAS,  Plaintiffs and some Defendants, respectively, hired experts with experience in addressing accessibility issues.   Plaintiffs hired Ken Schoonover ("Schoonover") of KMS

3

Associates, Inc. and some of Defendants hired LCM Architects ("LCM");

WHEREAS, Schoonover and LCM surveyed all three Retrofit Properties;

WHEREAS, this Action encompasses properties located in several jurisdictions.  Plaintiff NFHA is a national organization solely dedicated to ending housing discrimination and promoting residential integration.  Plaintiffs allege that Defendants' extensive and continuing civil rights violations at the Retrofit Properties have thwarted Congressional efforts to eradicate housing discrimination against people with disabilities.  Plaintiffs' assert that their interests are aligned with, include, and overlap with the public interest in fair housing.  As such, at all times during the Action, Plaintiffs assert that they have been acting as private attorneys general to enforce the values and objectives reflected in the FHAA and to vindicate the public interest and a policy that Congress considers to be of the highest priority.

WHEREAS, by separate confidential agreement, Defendants Messer and Torti have each agreed to provide funding for a portion of the Alterations at one or more of the Retrofit Properties.  Pursuant to that separate confidential agreement, the Owner-Defendants have agreed to implement the Alterations at their respective properties; and

WHEREAS, Plaintiffs and Defendants further agree that the controversy should be resolved without further proceedings.

## JUDGMENT

It is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

III.  **Definitions**

When used in this Stipulated Judgment, the following terms shall mean:

A.  "Action" means the action filed in the United States District Court, Southern District of Ohio, entitled *Miami Valley Fair Housing Center, Inc., et al. v. Steiner & Associates, et al.*, Case

No. 08-cv-554.

B.    "ADA" is the Americans with Disabilities Act, 42 U.S.C. § 12183(a)(1).

C.    "Alterations" are the remedial actions described in Section V of this Stipulated Judgment to be completed at the Retrofit Properties identified below.

D.    "Consensus Report" means each report identified in Section V, below.

E.    "Covered Multifamily Dwellings" is defined as in 42 U.S.C. § 3604 (f)(7).  For purposes of this Stipulated Judgment, the term "Covered Units" shall have the same meaning as "Covered Multifamily Dwellings."

F.    "Defendants" are Steiner, GTC, BTC, ZRD, Messer, and Torti, as well as their successors and assigns.

G.    "Owner Defendants" (or Owner Defendant as to any one property) means GTC, BTC, and ZRD, as well their successors and assigns.

H.    "FHAA" is the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619 and any and all amendments thereto.

I.    "FHAA Barriers" are the barriers identified as an FHAA Barrier in the Consensus Reports for the corresponding Retrofit Property.

J.    "Final Judgment" occurs when this Stipulated Judgment has been executed in its current form by the United States District Court, Southern District of Ohio and entered on the civil docket sheet by the Court clerk, and the period for appeal has lapsed without any person filing a notice of appeal. The effect of this Final Judgment shall not be altered, nor shall the Final Judgment be subject to reconsideration, by virtue of any appeal by certain of the Parties, or third-party defendants, to the Sixth Circuit Court of Appeals, any other appellate court or by any reversal or remand mandate by that

5

Court or by any action brought in any state court by any Party against any other Party or any third-party defendant.

       K.    "HUD" is the United States Department of Housing and Urban Development.

       L.    "Inspector" shall be a partner in LCM Architects unless such Inspector is replaced by Owner-Defendants, and the fees and expenses of the Inspector shall be paid solely by the Owner-Defendants.  If during the life of this Stipulated Judgment, Owner-Defendants replace the Inspector, Owner-Defendants shall submit the name and credentials of that design professional for approval by Plaintiff NFHA.  NFHA's approval shall not be unreasonably withheld.

       M.    "Monitor" refers to an individual appointed by the Court to assist the Court, the Plaintiffs and Defendants in the resolution of disputes that may arise concerning the implementation of this Stipulated Judgment and such additional purposes that are set forth in Section IX of this Stipulated Judgment.  The fees and expenses of the Monitor shall be paid solely by the Owner-Defendants.

       N.    "Parties" are Plaintiffs and the Defendants as defined in §III.F, *supra*.

       O.    "Plaintiffs" are the Miami Valley Fair Housing Center, Inc., Metropolitan Milwaukee Fair Housing Council, Inc. and National Fair Housing Alliance, Inc., as well as their successors and assigns, who have alleged that they are, and at all times were, acting both in their capacities as entities and as private attorneys general in maintaining this Action and in enforcing the FHAA against Defendants.

       P.    Retrofit Properties" (or "Retrofit Property" as to any one property) are Greene Town Center located in Beaver Creek, Ohio; Bayshore Town Center located in Glendale, Wisconsin; and Zona Rosa located in Kansas City, Missouri.

       Q.    "Safe Harbor" is a set of design specifications that have been recognized by HUD as providing an acceptable method of complying with the requirements of 42 U.S.C. § 3604(f)(1)(C). The

Safe Harbors are ANSI A117.1 (1986); the Fair Housing Accessibility Guidelines (HUD, 1991); The Fair Housing Design Manual (1998); the Guidelines and Supplemental Questions and Answers (HUD, June 28,1994); CABO/ANSI A117.1 (1992); ICC/ANSI A117.1 (1998); the Code Requirements for Housing Accessibility (CRHA, 2000); the International Building Code (2000, with 2001 Supplement); the International Building Code (2003); ICC/ANSI A117.1 (2003), used with the Fair Housing Act, HUD's regulations, and the Guidelines; and ICC/ANSI A117.1 (1998), used with the Fair Housing Act, HUD's regulations, and the Guidelines. Any additional safe harbor standard recognized by HUD, shall be included in this definition of Safe Harbor.

IV.     **Jurisdiction And Scope Of The Stipulated Judgment**

The Parties freely, voluntarily, and without coercion agree to the entry of this Stipulated Judgment and, to that end, the Parties stipulate, and

**THE COURT, HAVING CONSIDERED** the pleadings, law, and underlying facts, **FINDS AS FOLLOWS:**

A.     This Court has personal jurisdiction over Plaintiffs and Defendants for purposes of this Action and jurisdiction over this Action pursuant to 28 U.S.C. §§ 1331 and 1332, and 42 U.S.C. §3613, subdivision (a);

B.     Plaintiffs have  standing to bring this Action in their roles as "private attorneys general," insofar as Defendants have stipulated, for purposes of this action only, that Plaintiffs have been required to divert their resources to address the alleged inaccessible features in the Retrofit Properties and have further had their missions frustrated by the existence of inaccessible features at the Retrofit Properties;

C.     The provisions of this Stipulated Judgment shall be binding upon Plaintiffs and Defendants;

D.      This Stipulated Judgment shall be deemed as adjudicating, once and for all, the merits of each and every "Claim" (as defined in Section XI, below), that was alleged, or could have been alleged, in the Action.  Accordingly, res judicata and collateral estoppel shall apply to each and every such Claim so that the Plaintiffs are forever barred from litigating such Claims, with respect to the Retrofit Properties; however, this Stipulated Judgment shall not constitute a finding or adjudication of fault, liability or wrongdoing on the part of Defendants with respect to the Retrofit Properties.

E.      Entry of this Stipulated Judgment is in the public interest;

F.      This Stipulated Judgment is for settlement purposes only and does not constitute an admission by Defendants of any of the allegations contained in the Complaint or any other pleading in this Action;

G.      In making the findings herein and fashioning the remedy, the Court has considered, inter alia:

1.      The FHAA gives the Court the authority to fashion an appropriate remedy in this Action:

... [The district court] may grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate).

(42 U.S.C. § 3613(c)(1).)

2.      The Court is "guided by general principles of equity." *(Baltimore Neighborhoods, Inc.* v. *LOB, Inc.,* 92 F.Supp.2d 456,468 (D.Md. 2000.)

3.      When applying the general principles of equity to achieve a balanced and fair result, the Court must be flexible and take into account public and private needs:

Equitable remedies are a special blend of what is necessary, what is fair, and what is workable. Traditionally, equity has been characterized by a practical flexibility in shaping its remedies and by a facility for adjusting and reconciling public and private needs:

8

\* \* \*

The principal limitation on the court's equitable powers is that the relief should be no broader and no more burdensome than necessary to provide complete relief to the plaintiff.

(*Id* at p.468.)

4.  Equitable remedies include relief in the form of a retrofit of a specific barrier and/or establishing a retrofit fund to be used for making other dwellings in the nation's housing market handicapped accessible:

The Court further finds that affirmative action relief in the form of retrofitting or a retrofitting fund is an appropriate remedy....

(*Id*.at p.467.)

I.  The remedies mandated by this Stipulated Judgment make it "absolutely clear that... there is no reasonable expectation that the alleged violations will recur; and [that those remedies] have completely eradicated the effects of the [alleged] violation[s]." *(Halet* v. *Wend Investment Co.,* 672 F.2d 1305, 1307 (9th Cir. 1982)). Therefore, the Court finds that any further legal or administrative action of any kind, except for the enforcement of this Stipulated Judgment, instituted by any individual or entity arising from, based upon, or connected with the alleged failure to design and/or construct the Retrofit Properties in compliance with the FHAA would be moot.

V.  **Alterations At The Retrofit Properties**

A.  Alterations Identified in the Consensus Report for the Corresponding Retrofit Property:

A Consensus Report has been completed for each Retrofit Property, which are set forth in Appendices A through C.

B.  FHAA Barriers:

The FHAA Barriers to be retrofitted at each Retrofit Property are those barriers identified in the Consensus Report for each respective Retrofit Property. Except for the FHAA Barriers identified in

9

the Consensus Report for each Retrofit Property, Owner Defendants shall have no obligation to make any other Alterations or retrofits at a Retrofit Property. Owner Defendants shall have no obligation under this Stipulated Judgment to make Alterations at any property which is not a Retrofit Property. Each Owner Defendant shall only be obligated to make Alterations at the Retrofit Property which it owns and not other Retrofit Properties. Performance of the Alterations at the Retrofit Properties shall be deemed full compliance with the FHAA by Owner Defendant at the Retrofit Properties.

As used herein, the term "FHAA Barriers" (and FHAA Barrier for any one barrier) shall only refer to those items expressly set forth in the Consensus Report for each Retrofit Property,. An item shall not be identified as an FHAA Barrier if Owner-Defendants' original design and/or construction of the Retrofit Property were in compliance with the FHAA at the time of Owner-Defendants' original construction of the Retrofit Property. The burden of establishing such compliance shall be on Owner-Defendants.

Notwithstanding any other section in this Stipulated Judgment to the contrary, Owner Defendants shall have no obligation to retrofit any FHAA Barrier resulting from a natural cause or force (e.g., foliage growth, including tree roots; erosion; settling; flooding; earth movement; and climate, including precipitation, wind, ice, sun and temperature). Owner Defendants shall have no obligation to retrofit any FHAA Barriers resulting from deterioration, wear, tear, use, abuse, degradation, or the passage of time.[2]

C.   Alterations:

Alterations (or Alteration as to any one retrofit) shall mean the actions required to be taken by Owner Defendants to retrofit the FHAA Barriers identified in the Consensus Report for each Retrofit Property. The Alterations may be accomplished by any one of the following: (1) completion of

---

[2] If this paragraph is invoked by a Defendant(s), such Defendant(s) shall bear the burden of showing that, at the time of its construction, the built condition in issue was in accord with a Safe Harbor.

the Alterations as specified in the Consensus Report; (2) compliance with a HUD-recognized Safe Harbor;[3] (3) completion of any Alteration in a manner consistent with any written agreement reached by Plaintiffs and Owner Defendants; or (4) approval of the Alterations by the Monitor.

     D.    <u>Cost of Alterations</u>:

Owner Defendants agree to be responsible for all costs of the Alterations.

     E.    <u>Deadline for Alterations to Common Use Facilities and the Exterior of Covered Units</u>:

Subject to the terms of this Stipulated Judgment, Owner Defendants will use reasonable efforts to complete the Alterations to the common use facilities and the exterior of Covered Units identified in the applicable Consensus Report within twenty-four (24) months after Judgment, unless extended by written agreement between Plaintiffs and Owner Defendants.

     F.    <u>Deadline for Alterations To The Interior of Covered Units</u>:

Interior Alterations concern the interior of the Covered Units at Retrofit Properties. Subject to the terms of this Stipulated Judgment and the obtaining of specific approval from the tenant for each Retrofit Property unit, if necessary, Owner Defendants will use reasonable efforts to complete the interior Alterations identified in the applicable Consensus Report as the units are turned but no later than thirty six (36) months after the Final Judgment, unless extended by written agreement between Plaintiffs and Owner Defendants.

     G.    <u>Notice to Tenants of Availability of Alterations</u>:

Each Owner Defendant will be requested to send to each current tenant (within thirty (30) days of the date of entry of this Judgment) of a covered dwelling unit at its respective Retrofit Property, which requires an Alteration, a notice informing each tenant of the availability of

---

[3] Owner-Defendants or the Inspector may choose any Safe Harbor for determining the applicable exemption at a Retrofit Property. However, Owner-Defendants and the Inspector may not pick and choose among the provisions of different Safe Harbors at the same Retrofit Property. Once a particular Safe Harbor is chosen for use at a particular Retrofit Property, the housing must comply with the provisions of that Safe Harbor as provided under this Stipulated Judgment.

Alterations under this Stipulated Judgment and that Alterations will be done without direct cost to the tenant. Any such tenant may, on account of his/her own disability or the disability of a family member, request Alterations to his/her covered unit at a Retrofit Property. Upon such a request, such Owner Defendant will use reasonable efforts to complete the Alterations relating to the interior of that tenant's Covered Unit within ninety (90) days after Owner Defendants' receipt of the request.

      H.    <u>Inspections</u>:

      Each Owner Defendant shall inform the Inspector and Plaintiffs in writing of the completion of the Alterations identified in the preceding section at its respective Retrofit Property. The Inspector shall then either personally conduct an on-site inspection at each Retrofit Property or supervise an LCM employee's on-site inspection at each Retrofit Property. The inspection shall be of a sample of the completed Alterations at the Retrofit Property to determine if the Alterations have been performed according to the terms of this Stipulated Judgment. The Inspector shall give Plaintiffs and Schoonover reasonable notice of the inspection. For example, if the Inspector is in the area of a Retrofit Property when the Inspector receives notice that the Retrofit Property is available for inspection, it is "reasonable" for the Inspector to give notice on the same date as the inspection.

      The Inspector may give Schoonover notice via facsimile transmission, e-mail, voice mail, or any other reasonable method. The Inspector will make a reasonable effort to complete these inspections within thirty (30) days of receiving notice. The inspection sample shall include at least one Covered Unit for each apartment type at a Retrofit Property selected by the Inspector.

      Following the foregoing inspection at each Retrofit Property, the Inspector shall identify any deficiencies in the Alterations that have been performed, as measured against the agreed Alterations listed in the Consensus Reports. Each Owner Defendant agrees to correct any deficiencies in the Alterations identified by the Inspector at its respective Retrofit Property. The forgoing inspection

12

process shall be repeated as many times as necessary until the Inspector is reasonably satisfied that all Alterations have been performed, except that in lieu of making a repeat on-site inspection, the Inspector, in its sole discretion, may accept photographic evidence, which shows both the location of the measurement and the measurement itself, that a particular Alteration has been performed in accord herewith.

The Inspector shall fully and impartially perform the duties set forth in this Stipulated Judgment. The Inspector shall issue a written certification in the form of Appendix D that the Alterations have been completed at a specific Retrofit Property, with a copy to Plaintiffs, their attorneys and the appropriate Owner Defendant. The Inspector may have a Retrofit Property inspected in phases such that the Inspector can elect to inspect the common use facilities as soon as the common use facilities' Alterations are completed and as soon as a portion of the interior Alterations are completed. Any dispute by Plaintiffs of the Inspectors certification shall be in writing and sent to the Inspector and Owner Defendants within ninety (90) days of the receipt by Plaintiffs of each certificate. If there is any dispute regarding completion of the Alterations which Plaintiffs and Owner Defendants cannot resolve among themselves, the dispute shall be submitted to the Monitor for resolution in accordance with Section IX. The Inspector's certification, if not challenged by Plaintiffs, shall be deemed final and binding on Plaintiffs and Owner Defendants as to each Retrofit Property upon which a certification is issued and shall fully discharge Owner Defendants from any further obligation under this Stipulated Judgment as to that Retrofit Property. After ninety (90) days following the receipt by NFHA of each certificate, the Inspector's certification cannot be disputed for any reason in fact or law.

## VI. Owner Defendants' Sale or Transfer Of Ownership Interest in Retrofit Property

The sale or transfer, in whole or in part, of an ownership interest in any of the Retrofit

Properties by an Owner Defendant after the entry of this Stipulated Judgment shall not affect such Owner Defendant's obligation to complete the Alterations at a Retrofit Property. Should an Owner Defendant decide to sell or transfer any ownership interest in a Retrofit Property prior to the completion of the Alterations provided for under this Stipulated Judgment, such Owner Defendant will provide written notice to each buyer or transferee that such Owner Defendant is required to complete the Alterations pursuant to this Stipulated Judgment. The subject Owner Defendant shall either complete the Alterations prior to the sale or transfer of the Retrofit Property or obtain written consent of the new buyer(s)/transferee(s) to have these Alterations performed within the time frame allotted herein at the Retrofit Property after the new owner takes possession of the Retrofit Property. Not later than fourteen (14) days after such sale or transfer, the selling or transferring Owner Defendant shall notify Plaintiffs in writing of actions that such Owner Defendant has taken in accord with this provision.

## VII.   **Future Compliance Provisions**

In order to prevent the recurrence of the alleged violations, Defendants agree, for a period of six (6) years after Final Judgment, to comply with and perform each of the following:

A.   General Provisions:

Subject to the terms of this Stipulated Judgment, Defendants individually shall design and/or construct any new Covered Multifamily Dwellings in compliance with 42 U.S.C. § 3604, subdivisions (f)(1)-(3), as amended and/or such other accessibility laws as are applicable in the jurisdiction of such Covered Multifamily Dwellings.

B.   Education of Defendants:

1.   Each Defendant agrees, within one (1) year from the date of the Judgment, that one of its employees, who has supervisory authority over design or construction, will attend a

14

seminar or training session (which can be a training session offered internally by any Defendant) wherein FHA, ADA or a similar state accessibility law is a topic.

     C.   <u>Notice to Public</u>:

     1.   Within thirty (30) days after Final Judgment, Owner-Defendants agree to post and prominently display in the sales or rental offices of all Covered Multifamily Dwellings owned in whole or in part and/or managed by Owner-Defendants, a sign no smaller than 10 inches by 14 inches indicating that all dwellings are available for rental on a nondiscriminatory basis. A poster that complies with 24 C.F.R. Part 110 will satisfy this provision of this Stipulated Judgment.

     2.   Owner-Defendants shall include in all future advertising in newspapers, pamphlets, brochures, websites, and other promotional literature regarding any multifamily rental property owned in whole or in part and/or managed by Owner-Defendants, the universal symbol of accessibility and the following: "This property includes apartment units and common area features that are accessible to and usable by people with disabilities."

## VIII.   Settlement <u>Payments</u>

On or before November 15, 2012, each Defendant that is party to this Stipulated Judgment shall make a settlement payment to Plaintiffs, in an amount reflected in a private written Settlement Agreement between that Defendant and Plaintiffs herein for alleged damages and expenses for (a) the alleged diversion of Plaintiffs resources; (b) the alleged frustration of Plaintiffs' mission; (c) claims arising from the alleged injuries sustained at the Retrofit Properties; (d) reimbursement of Plaintiffs' alleged costs and expenses relating to the investigation of the Retrofit Properties; (e) Plaintiffs' litigation costs, expenses, and attorneys' fees; and (f) any and all monetary relief sought, or that could have been sought, in the Action. This sum constitutes payment in full for all such costs, expenses, and alleged damages Plaintiffs have incurred and will incur through Final Judgment. These payments, as

set forth above, shall be paid by wire transfer or check to Plaintiffs in care of Plaintiffs' counsel, Relman, Dane & Colfax, PLLC, 1225 19th Street N.W., Suite 600, Washington, D.C. 20036-2456. Relman, Dane & Colfax, PLLC shall provide Defendants with wire transfer instructions within five (5) days after entry of the Stipulated Judgment.

**IX.**     **Monitor**

A.     Plaintiffs and Owner-Defendants shall endeavor to resolve informally any dispute regarding the interpretation of, and/or compliance with, this Stipulated Judgment. In the event Plaintiffs and Owner-Defendants are unable to informally resolve any such dispute, Plaintiffs and Owner-Defendants shall enlist the aid of the Monitor. At all times the Monitor shall apply the tolerances/repairs identified in the Consensus Reports attached hereto when evaluating the Retrofit Properties.

B.     Plaintiffs and Owner-Defendants agree to resolve any disputes which cannot be resolved informally, arising in connection with this Stipulated Judgment exclusively through a Monitor in Columbus, Ohio or at such other location as agreed by Plaintiffs and Owner-Defendants. Plaintiffs and Owner-Defendants agree that Bill Hecker shall serve as the Monitor. If Bill Hecker_ cannot serve and Plaintiffs and Defendants are unable to agree upon a replacement Monitor, the Monitor shall be selected through Judicial Arbitration and Mediation Services **("JAMS")** in accordance with the rules of JAMS in effect at that time, as of the initiation of the arbitration **("JAMS Rules").** Should it become necessary to appoint as Monitor someone other than Bill Hecker, such person shall be neutral and impartial and be either a retired judge or a member or former member of the bar with at least fifteen (15) years experience as a practicing lawyer. Plaintiffs and Owner-Defendants shall submit the name of the Monitor selected by JAMS to the Court for approval.

The Monitor's duties shall include, but not be limited to, assisting the Court, the Plaintiffs and

Owner-Defendants (a) in resolving disputes between Plaintiffs and Owner-Defendants arising under this Stipulated Judgment; (b) in resolving disputes between Plaintiffs and Owner-Defendants concerning the implementation of this Stipulated Judgment; and (c) regarding any additional purpose for which the Court requests the Monitor's assistance. The Monitor's appointment shall expire six (6) years after Final Judgment unless extended by agreement of Plaintiffs and Owner-Defendants or otherwise ordered by the Court.

Owner-Defendants will pay all costs and expenses associated with the Monitor's position and services, but the Monitor is accountable only to the Court. Except upon approval by the Plaintiffs, Owner-Defendants may not offer or guarantee the Monitor employment in any form, including, but not limited to, a position as a consultant or independent contractor, until six (6) years after expiration of the Monitor's appointment pursuant to this Stipulated Judgment.

Any actual or alleged failure on the part of one or more Defendants to comply with any provision or requirement of this Stipulated Judgment shall in no way constitute a failure of consideration or a breach on the part of any other Defendant or Releasee and this Stipulated Judgment, and all of the releases set forth herein shall remain final and binding as to all non-breaching Defendants and Releasees.

**X.    Court's Retention of Jurisdiction**

The Court shall retain jurisdiction to interpret and enforce the terms of this Stipulated Judgment. Such appointment shall not be construed to alter or extend the date of Final Judgment in this matter.

**XI.    Release**

A.    Retrofit Properties:

Plaintiffs hereby forever waive their claims against and release and discharge Defendants and

17

their predecessors, successors, assigns, privies, parents, affiliates, partners, managers, members, shareholders, direct or indirect owners, divisions, subsidiaries, architects, designers, engineers, contractors and subcontractors, and each of their directors, officers, employees, agents, representatives, shareholders, insurers and attorneys (collectively "Affiliates") and any other entities and individuals, from any and all claims, causes of actions, actions, complaints, obligations, demands, liability, and suits at law or in equity, known or unknown, suspected or unsuspected, accrued or unaccrued (individually "Claim" and collectively "Claims") arising out of the design and/or construction of the Retrofit Properties in accordance with the FHAA or the ADA.

      B.    <u>Subject Matter of Action</u>:

Plaintiffs hereby forever waive, release, discharge, hold harmless and indemnify Defendants their predecessors, successors, assigns, privies, parents, affiliates, partners, managers, members, shareholders, direct or indirect owners, divisions, subsidiaries, architects, designers, engineers, contractors and subcontractors, and each of their directors, officers, employees, agents, representatives, shareholders, insurers and attorneys and any other entities or individuals, from any and all claims, causes of action, actions, complaints, obligations, demands, liability, and suits at law or in equity, known or unknown, suspected or unsuspected, accrued or unaccrued with respect to the accessibility of Covered Dwelling Units or common areas which were alleged, or could have been alleged, in this Action, including, but not limited to, Claims under the FHAA, the Americans with Disabilities Act (ADA), and any similar federal, state or local accessibility law.

      C.    <u>Covenant Not To Sue</u>:

Plaintiffs, on behalf of themselves and their respective predecessors, successors, assigns, agents, directors and officers expressly covenant and agree to forever refrain from sponsoring, promoting, instituting, maintaining, prosecuting, continuing to maintain or prosecute any suit, action,

administrative action or proceeding, or assisting others with any suit, action, administrative action, or proceeding against Defendants, and/or any other entities or individuals, which arises from, is directly or indirectly connected with, and/or relates in any other manner whatsoever with respect to the design and/or construction of the Retrofit Properties, including, but not limited to, Claims relating to the FHAA, the ADA, and any similar federal, state, or local accessibility law.

      D.    <u>Final Disposition</u>:

Plaintiffs agree that this Stipulated Judgment shall extinguish all Claims and shall be a full, complete, and final disposition and settlement of all Claims against Defendants and their Affiliates relating to all matters and issues which were alleged, or could have been alleged, or could have been raised, in any other manner in the Action, including, but not limited to, Claims relating to the FHAA, the Americans With Disabilities Act (ADA), and any similar federal, state or local accessibility law. Accordingly, Plaintiffs stipulate and agree that res judicata and collateral estoppel apply to each of the Claims so that the Plaintiffs are forever barred from re-litigating Claims, matters, and issues which were alleged, or could have been alleged, or could have been raised, in any other manner in this Action, including, but not limited to, Claims relating to the FHAA, the Americans with Disabilities Act (ADA), and any similar federal, state or local accessibility law.

      E.    <u>Impact of Pending District Court or State Court Litigation.</u>

This Stipulated Judgment shall not extinguish or in any way release the third party claims of the Defendants in this Action, or certain state court actions or claims against Meacham & Apel Architects, Inc.

**XII.**   **<u>Miscellaneous</u>**

      A.    <u>Entire Agreement</u>:

This Stipulated Judgment and the documents referenced herein constitute the entire agreement

between Plaintiffs and Defendants. The only obligations that shall be imposed on Defendants pursuant to this Stipulated Judgment are those that are expressly set forth herein.

B.    Deadlines:

All deadlines and dates for performance by Plaintiffs and/or Defendants under this Stipulated Judgment may be extended or modified by agreement between NFHA and Owner Defendants.

C.    Severability:

Each provision and term of this Stipulated Judgment shall be interpreted in such a manner as to be valid and enforceable. In the event any provision or term of this Stipulated Judgment is determined to be, or is rendered, invalid or unenforceable, all other provisions or terms of this Stipulated Judgment shall remain unaffected to the extent permitted by law.

D.    Notice to the Parties:

All notices required or permitted hereunder shall be in writing and shall be served on the Parties at the addresses or facsimile numbers set forth below. Any such notices shall be:

1.    Sent by overnight delivery using a nationally recognized overnight courier, in which case notice shall be deemed delivered one (1) business day after deposit with such courier; or

2.    Sent by facsimile, in which case notice shall be deemed delivered upon written confirmation of transmission of such notice; or

3.    Personally delivered, in which case notice shall be deemed delivered upon receipt by the Party to whom the notice was delivered.

4.    As a courtesy only, email may be used to provide a Party with notification that a notice has been sent and may include a copy of the notice. A Party's address may be changed by written notice to the other Party; provided, however, that no notice of a change of address shall be

effective until receipt of such notice as provided for above.

| | |
|---|---|
| To Plaintiffs: | National Fair Housing Alliance<br>Attention: Shanna Smith, President & CEO<br>1101 Vermont Ave. NW, Suite 710<br>Washington, DC 20005<br>Telephone: (202) 898-1661<br>Facsimile: (202)371-9744<br>Email: ssmith@nationalfairhousing.org |
| With a copy to: | Michael Allen, Esq.<br>Relman, Dane & Colfax PLLC 1225 19th<br>Street NW, Suite 600 Washington, DC<br>20036 Telephone: (202) 728-1888<br>Facsimile: (202) 728-0848 Email:<br>mallen@jelmanlaw.com |
| To Steiner: | Laura Cooper Wedekind<br>President<br>Steiner + Associates<br>4016 Townsfair Way, Suite 201<br>Columbus, Ohio 43219<br>Telephone: 614.414.7300<br>Fax 614.414.7311<br>lwedekind@steiner.com |
| With a copy to: | Juan Jose Perez<br>Troy Morris<br>Perez & Morris LLC<br>8000 Ravines Edge Court<br>Columbus, Ohio 43235<br>Telephone: 614 431-1500<br>Fax: 614 431-3885<br>Jperez@perez-morris.com<br>Tmorris@perez-morris.com |
| To GTC, BTC and ZRD: | Andrea Olshan<br>Chief Executive Officer<br>600 Madison Avenue, 14th Floor<br>New York, New York 10022<br>Telephone: (212) 935-1330<br>Fax: 646-929-5405<br>aolshan@mpi-re.com |

With a copy to:              Juan Jose Perez
                             Troy Morris
                             Perez & Morris LLC
                             8000 Ravines Edge Court
                             Columbus, Ohio 43235
                             Telephone: 614 431-1500
                             Fax: 614 431-3885
                             Jperez@perez-morris.com
                             Tmorris@perez-morris.com

E.      Fees and Costs:

Other than as provided in this Stipulated Judgment, each of the Parties agrees to bear its own costs and attorneys' fees incurred in connection with this Action.

F.      Titles:

The titles used in this Stipulated Judgment are non-substantive descriptions included solely for the Parties' ease of reference and shall not be construed to alter the substantive provisions of this Stipulated Judgment.

G.      Counterparts:

This Stipulated Judgment may be executed in counterparts, all of which when taken together shall constitute a single instrument

H.      Force Majeure:

If Defendants are delayed, interrupted, or prevented from performing any of their obligations under this Stipulated Judgment and such delay, interruption, or prevention is due to fire, act of God, governmental act or failure to act, including, but not limited to, delay in the receipt of permits, labor disputes, unavailability of materials, lack of Owners cooperation, lack of tenant cooperation, or any cause outside the reasonable control of Defendants, as the case may be, then the time for performance of the affected obligation of Defendants shall be extended for a period equivalent to the period of such delay, interruption, or prevention.

## XIII. ENTRY OF JUDGMENT.

THE COURT HEREBY ORDERS THE CLERK TO ENTER THIS STIPULATED JUDGMENT ON THE CIVIL DOCKET SHEET.

SO ORDERED this, _10_ day of _December_ 2012.

_____

UNITED STATES DISTRICT COURT JUDGE

Stipulated to by the Parties as indicated by the signatures appearing below:

**Plaintiff Miami Valley Fair Housing Center, Inc.**

By: _____ November 21, 2012

Name: _JIM McCARTHY_

Its: _PRESIDENT / CEO_

**Plaintiff National Fair Housing Alliance, Inc.**

By: _____ November ___, 2012

Name: _____

Its: _____

**Plaintiff Metropolitan Milwaukee Fair Housing Council, Inc.**

By: _____ November ___, 2012

Name: _____

Its: _____

**Defendant Steiner + Associates, Inc.**

By: _____ November ___, 2012

23

## XIII.  ENTRY OF JUDGMENT.

THE COURT HEREBY ORDERS THE CLERK TO ENTER THIS STIPULATED JUDGMENT ON THE CIVIL DOCKET SHEET.

SO ORDERED this, _____day of _____, 2012.


_____
UNITED STATES DISTRICT COURT JUDGE

Stipulated to by the Parties as indicated by the signatures appearing below:

**Plaintiff Miami Valley Fair Housing Center, Inc.**

By:_____   November ___, 2012

Name: _____

Its: _____


**Plaintiff National Fair Housing Alliance, Inc.**


By: _____   November 20, 2012

Name:  Shanna L. Smith _____

Its:  President/CEO _____


**Plaintiff Metropolitan Milwaukee Fair Housing Council, Inc.**

By:_____   November ___, 2012

Name: _____

Its: _____

**Defendant Steiner + Associates, Inc.**

By:_____   November ___, 2012

**XIII.  ENTRY OF JUDGMENT.**

THE COURT HEREBY ORDERS THE CLERK TO ENTER THIS STIPULATED
JUDGMENT ON THE CIVIL DOCKET SHEET.

SO ORDERED this, _____ day of _____, 2012.


_____
UNITED STATES DISTRICT COURT JUDGE

Stipulated to by the Parties as indicated by the signatures appearing below:

**Plaintiff Miami Valley Fair Housing Center, Inc.**

By: _____  November ___, 2012

Name: _____

Its: _____


**Plaintiff National Fair Housing Alliance, Inc.**

By: _____  November ___, 2012

Name: _____

Its: _____


**Plaintiff Metropolitan Milwaukee Fair Housing Council, Inc.**

By: _William R. Tisdale_____  November 21, 2012

Name: _WILLIAM R. TISDALE_____

Its: _PRESIDENT & CEO_____

**Defendant Steiner + Associates, Inc.**

By: _____  November ___, 2012

23

**XIII. ENTRY OF JUDGMENT.**

THE COURT HEREBY ORDERS THE CLERK TO ENTER THIS STIPULATED
JUDGMENT ON THE CIVIL DOCKET SHEET.

SO ORDERED this, _____ day of _____, 2012.

_____
UNITED STATES DISTRICT COURT JUDGE

Stipulated to by the Parties as indicated by the signatures appearing below:

**Plaintiff Miami Valley Fair Housing Center, Inc.**

By:_____ November ___, 2012

Name: _____

Its: _____

**Plaintiff National Fair Housing Alliance, Inc.**

By:_____ November ___, 2012

Name: _____

Its: _____

**Plaintiff Metropolitan Milwaukee Fair Housing Council, Inc.**

By:_____ November ___, 2012

Name: _____

Its: _____

Defendant Steiner + Associates, Inc.

By:_____ November 2X, 2012

23

Name: _Yaromir Steiner_____

Its: ___CEO_____


**Defendant Greene Town Center, LLC**

By:_____ November __, 2012

Name: _____

Its: _____


**Defendant Bayshore Town Center, LLC**

By:_____ November __, 2012

Name: _____

Its: _____


**Defendant Zona Rosa Development, LLC**

By:_____ November __, 2012

Name: _____

Its: _____


**Defendant Torti Gallas and Partners, Inc.**

By:_____ November __, 2012

Name: _____

Its: _____


24

Name: _____

Its: _____


**Plaintiff National Fair Housing Alliance, Inc.**

By:_____  November ___, 2012

Name: _____

Its: _____


**Plaintiff Metropolitan Milwaukee Fair Housing Council, Inc.**

By:_____  November ___, 2012

Name: _____

Its: _____

**Defendant Steiner + Associates, Inc.**

By:_____  November ___, 2012

Name: _____

Its: _____


**Defendant Greene Town Center, LLC**

By:_____  November 20 2012

Name: ___Andrea L. Olshan_____

Its: ___Authorized Agent_____


**Defendant Bayshore Town Center, LLC**

23

Defendant Bayshore Town Center, LLC

By: _____ November 20 2012

Name: _____Andrea L. Olshan_____

Its: _____Authorized Agent_____


Defendant Zona Rosa Development, LLC

By: _____ November 20, 2012

Name: _____Andrea L. Olshan_____

Its: _____Authorized Agent_____

24

**Defendant Torti Gallas and Partners, Inc.**

By: _____    October 15, 2012

Name: __Robert S. Wallach_____

Its: __Principal_____


**Defendant Messer Construction Company**

By: _____    October __, 2012

Name: _____

Its: _____

Dated: October 16, 2012          Respectfully Submitted,

                                 /s/ Michael Allen
                                 Stephen M. Dane
                                 Ohio Bar No. 0013057
                                 Michael Allen, *pro hac vice*
                                 Thomas J. Keary, *pro hac vice*
                                 RELMAN, DANE & COLFAX PLLC
                                 1225 19th Street, N.W., Suite 600
                                 Washington, D.C. 20036
                                 (202) 728-1888
                                 (202)728-0848 (facsimile)
                                 sdane@relmanlaw.com
                                 mallen@relmanlaw.com
                                 tkeary@relmanlaw.com
                                 *Attorneys for Plaintiffs*

25

Defendant Messer Construction Company

By: _C. Allen Begley Jr._ November 26, 2012

Name: _C. ALLEN BEGLEY, Jr._

Its: _VICE PRESIDENT_

Dated: November ___, 2012

Respectfully Submitted,

/s/ Michael Allen
Stephen M. Dane
Ohio Bar No. 0013057
Michael Allen, *pro hac vice*
Thomas J. Keary, *pro hac vice*
RELMAN, DANE & COLFAX PLLC
1225 19th Street, N.W., Suite 600
Washington, D.C. 20036
(202) 728-1888
(202)728-0848 (facsimile)
sdane@relmanlaw.com
mallen@relmanlaw.com
tkeary@relmanlaw.com
*Attorneys for Plaintiffs*

Dated: November ___, 2012

Juan Jose Perez
Troy Morris
8000 Ravine's Edge Court
Columbus, OH 43235
jperez@perez-morris.com
tmorris@perez-morris.com
ltimms@perez-morris.com
*Attorneys for Steiner & Associates, Inc., Greene*
*Town Center, LLC, Zona Rosa Development,*
*LLC and Bayshore Town Center, LLC*

25

Dated: ~~October~~ November 28 2012

Juan José Perez
Troy Morris
8000 Ravine's Edge Court
Columbus, OH 43235
jperez@perez-morris.com
tmorris@perez-morris.com
ltimms@perez-morris.com
*Attorneys for Steiner & Associates, Inc., Greene Town Center, LLC, Zona Rosa Development, LLC and Bayshore Town Center, LLC*

Dated: ~~October~~ November 15, 2012

Matthew R. Skinner
P.O. Box 145496
Cincinnati, OH 45250
Matt_skinner@staffdefense.com
*Attorney for Messer Construction Co.*

Dated: ~~October~~ November 16, 2012

David M. Rickert, Esq.
110 North Main Street, Suite 1000
Dayton, OH 45402-1738
dmr@dmfdayton.com
*Attorney for Defendant Torti Gallas and Partners, Inc.*

26